UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 1530

-----------------------------------------------------------X
LEROY B. LEE

                      Plaintiff,         **COMPLAINT**

   -against-

CITY OF NEW YORK, P.O. GREGORY
LOMANGINO Shield No. 28920, SERGEANT
JAMES GEISSLER Shield No. 1368 and
UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS                            **JURY TRIAL DEMANDED**

                      Defendant(s).
-----------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney DARMIN T. BACHU of BACHU AND ASSOCIATES respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4.   Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

5.   The plaintiff LEROY B. LEE is a resident of the County of Queens in the City and State of New York and is a Black male.

6.   Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times P.O. GREGORY LOMANGINO Shield No. 28920,

SERGEANT JAMES GEISSLER Shield No. 1368 and UNIDENTIFIED POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

7. Upon information and belief, that at all times hereinafter mentioned, defendants were employed by the defendant, NYC, as members of its police department.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

9. The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

11. Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

12. That on or about October 11, 2011 at 2:30 p.m as Plaintiff was cutting the hair of a client inside his booth at Styles and Cuts located at 709 Beach 20th Street Far Rockaway, New York, P.O. GREGORY LOMANGINO SHIELD NO. 28920 and approximately six other white male UNIDENTIFIED POLICE OFFICERS surrounded Plaintiff in his booth told him to put down his clippers, kicked his client out of barber chair in the middle of a haircut and proceeded to place Plaintiff in handcuffs.

13. P.O. GREGORY LOMANGINO SHIELD NO. 28920 told Plaintiff that he was being arrested for selling counterfeit CD and DVD tapes to an informant, charges which were totally false..

14. Plaintiff was taken to the 101st Precinct and then Central Booking before he was arraigned and released approximately twenty-four hours later.

15, Plaintiff suffered humiliation and embarassment and did not return to work for several weeks.

16. . Plaintiff was forced to make several court appearances for an entire year until all charges against Plaintiff were dismissed on October 2, 2012.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FALSE ARREST

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

18. The defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

19. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution, being more particularly, plaintiff's right to be free from arrest without probable cause.

20. The false arrest of the plaintiff was caused by the defendants, without legal justification, without

authority of law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

21. The various defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to commence and/or continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

22. By reason of the false arrest, plaintiffs were subjected to pecuniary harms, lost employment opportunities, plaintiff was forced to appear in court, plaintiff spent time in jail, plaintiff was prevented from conducting his normal affairs of business, plaintiffs were searched, handcuffed and were subjected to numerous other harms.

23. That defendants who are supervisors within the NYPD who knew of the false arrest and continued to allow and/or participate and/or cause the arrest of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation, failed to remedy the wrong, are liable to the plaintiffs for the violation of his rights pursuant to the Fourth Amendment and via the principle of supervisor liability.

24. By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages, and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

<u>**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
MALICIOUS PROSECUTION**</u>

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

26. Plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiffs was maliciously prosecuted by the defendants.

27. The malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via a dismissal and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

28. By reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to make numerous forced court appearances, lost employment opportunity, he was searched, handcuffed, separated from his family and was subjected to numerous other harms.

29. By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages, and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
### BY THE CITY OF NEW YORK,
### i.e., MONELL CLAIM

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

31. The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

32. Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers

bringing false charges, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

33. The NYPD as a *de facto* policy and practice fails to take disciplinary action against members of the NYPD who are dishonest in swearing to facts resulting in false arrests and malicious prosecutions and rarely, if ever, are officers disciplined for failing in their affirmative duty to intervene to prevent constitutional violations from taking place in their presence..

34. In the instant matter, due to the routine practices i.e., the *de facto* policies of the NYPD, officers who saw and/or knew of the plaintiff being falsely arrested and/or maliciously prosecuted failed to intervene on his behalf.

35. Despite being often alerted to the recurring aforementioned problems, the NYPD has remained deliberately indifferent to said problem and in so doing encouraged its officers to persist in their illegal, unconstitutional behavior.

36. By reason of the aforementioned, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, forced to make numerous forced court appearances, lost employment opportunity, was searched, handcuffed, separated from his family and subjected to numerous other harms.

37. By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff demand judgment against the defendants in compensatory and punitive damages in sums to be determined at trial on the First Cause of Action; in compensatory and punitive damages in sums to be determined at trial on the Second Cause of Action; and in compensatory and compensary damages in a sum to be determined at trial on the Third Cause of Action, along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiff's causes of action together with costs and disbursements

of this action; a trial by jury of all issues alleged in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: March 5, 2013

                                                DARMIN BACHU (DB-5392)
                                                Bachu and Associates
                                                87-46 Van Wyck Expwy
                                                Kew Gardens, N.Y.  11418
                                                (718) 297-6400

To:    Michael Cardozo
         Corporation Counsel City of New York
         100 Church Street
         New York, New York 10007